# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MICHAEL N. LUTMAN and                         CASE NO.:  2:15-cv-257-FtM-38cm
DEBORAH C. LUTMAN,

      Plaintiffs,

v.

HARVARD COLLECTION SERVICES, INC.,

      Defendant

_____/

## HARVARD COLLECTION SERVICES, INC. MOTION TO DISMISS AND/OR STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, HARVARD COLLECTION SERVICES, INC. (hereinafter "HCS"), by and through its undersigned counsel and pursuant to Rule 12(b)(6),  and Rule 12(h) Fed.R.Civ.P. and Local Rule 3.01, hereby files the following Motion to Dismiss and/or Strike Portions of Plaintiffs' Complaint and Incorporated Memorandum of Law, and as grounds therefore states as follows:

## I. Introduction and Factual Background

1.      Plaintiffs' Complaint was filed on or about April 24, 2015.

2.      In their eight count Complaint, Plaintiffs have asserted the following causes of action against HCS:

6858221v.1

Lutman v. Harvard Collection Services, Inc.
CASE NO.:  2:15-cv-257-FtM-38cm

**Count I** -- Violation of the Telephone Consumer Protection Act ("TCPA") 47

U.S.C. Sec. 227(b)(1)(A);

**Count II** – Violation of the Telephone Consumer Protection Act ("TCPA") 47

U.S.C. Sec. 227(b)(1)(A)(iii);

**Count III** - Violation of the Fair Debt Collection Practices Act ("FDCPA") 15

U.S.C. 1692(d)(5);

**Count IV** - Violation of the Fair Debt Collection Practices Act ("FDCPA") 15

U.S.C. 1692(d)(6);

**Count V** - Violation of the Fair Debt Collection Practices Act ("FDCPA") 15

U.S.C. 1692(e)(10);

**Count VI** – Violation of the Fair Debt Collection Practices Act ("FDCPA") 15

USC 1692(e)(11)

**Count VII** – Violation of the Florida Consumer Collection Practices Act

("FCCPA"), FS 559

**Count VIII** – Violation of the Florida Consumer Collection Practices Act

("FCCPA"), FS 559

**Count IX** – Request for Injunctive Relief Per F.S. 559.77(2)

3.      Plaintiffs allegations center around their receipt of numerous phone calls

placed by defendant using an automatic dialing system to their cellular phone(s) between

2

Lutman v. Harvard Collection Services, Inc.
CASE NO.:  2:15-cv-257-FtM-38cm

the dates of October 31, 2014 and March 2, 2015.   Plaintiffs assert the phone calls were

not consented to and were made with the intent to annoy, abuse, or harass the plaintiffs.

See ¶ 11-76, 80, 89.

4.      HCS has filed an Answer to Count I of Plaintiff's Complaint, which is

filed under separate cover.

## II.      Motion to Dismiss

5.      Count II of Plaintiffs' Complaint against HCS for Violation of the

Telephone Consumer Protection Act ("TCPA") 47 U.S.C. §227(b)(1)(A)(iii) should be

stricken since the claim is redundant of and subsumed within allegations contained in

Count I.

6.      Counts III-VI of Plaintiff's Complaint for alleged violations of the

FDCPA should be dismissed for failing to allege any factual basis that would bring said

claims within the statute's purview.

7.      Counts VII-VIII of Plaintiff's Complaint for alleged violations of the

Florida Consumer Collection Practices Act ("FCCPA"), F.S. §559 et seq. should be also

dismissed for failing to allege any factual basis that would bring said claims within the

statutes purview.

### A.      Legal Standard

6858221v.1

Lutman v. Harvard Collection Services, Inc.
CASE NO.:  2:15-cv-257-FtM-38cm

8.      Plaintiffs' Complaint should be dismissed, as to the allegations against

HCS, for failure to state a claim upon which relief may be granted pursuant to Rule

12(b)(6), Fed.R.Civ.P . In deciding this motion to dismiss, this Court must accept as true

all the factual allegations in the complaint, drawing all inferences derived from those

facts in the light most favorable to the Plaintiffs.   *See Brown v. Crawford County*, 960

F.2d 1002, 1010 (11th Cir. 1992); *Danley v. Allen*, 540 F.3d 1298, 1304 (11th Cir. 2008)

(holding that, when evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court

must "take the facts alleged in the complaint as true and construe them in the light most

favorable to" the plaintiff). "[W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint... has alleged -- but it

has not 'show[n]' -- 'that the pleader is entitled to relief.' " *Ashcroft v. Iqbal, 129 S. Ct.*

*1937, 1950 (2009).*

9.      Dismissal is appropriate because the Complaint does not "identify each of

the material elements necessary to sustain a recovery under some viable legal theory."

See *Roe v. Aware Woman Or. for Choice, Inc.,* 253 F.3d 678, 684 (11th Cir. 2001), *reh'g*

*denied*, 273 F.3d 395 (11th Cir.2001), *cert. denied*, 534 U.S. 1129, 122 S.Ct. 1067, 151

L.Ed.2d 970 (2002).

10.     Finally, Federal Rule 12(f) permits the District Court to strike any

materials it deems to be redundant, immaterial or scandalous.  As the allegations in Count

II are nearly identical to and subsumed in Count I, it would be proper to strike the count.

Lutman v. Harvard Collection Services, Inc.
CASE NO.:  2:15-cv-257-FtM-38cm

**B.      Counts II through VI of Plaintiff's Complaint Fail to State a Cause of Action Against WWR, Because the Are No Factual Allegations That The FDCPA Would Apply.**

11.      The provisions of the FDCPA which Plaintiffs alleges were violated by HCS are only applicable to "consumer debts". See *Antoine v. State Farm Mut. Auto. Ins. Co.*, 662 F.Supp.2d 1318 (M.D.Fla. 2009); *see also Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp.2d 1361, 1367 (M.D.Fla. 2002) (recognizing that the FDCPA and FCCPA share the same definition of debt). The statutory language of FDCPA limits its application to debts arising from consumer transactions involving obligations associated with "personal, family, or household services." 15 U.S.C. § 1692a; § 559.55(1), Fla. Stat; *see also Hawthorne v. Mac Adjustment, Inc.*, 40 F.3d 1367, 1371-2 (11th Cir. 1998) (holding that the statutory language of the FDCPA is limited to consumer transactions) (citing *Shorts v. Palmer*,155 F.R.D. 172, 174 (S.D.Ohio 1994): *Battye v. Child Support Servs., Inc.*, 873 F.Supp. 103, 105 (N.D.Ill.1994)).

12.      There are no factual allegations that this matter involves a consumer transaction or a consumer debt.  There are no factual allegations that  the cellular phone calls at issue were made in connection with the collection of a consumer debt  See 15 U.S.C. §1692(d) as those terms are defined under 15 U.S.C. §1692(a).  There are further no factual  allegations that a debt collector utilized false, deceptive, or misleading representation or means in connection with the collection of a consumer debt.   15 U.S.C. §1692(e).   Simply put, there are no factual allegations that would trigger the application

5

Lutman v. Harvard Collection Services, Inc.
CASE NO.:  2:15-cv-257-FtM-38cm

of  the FDCPA.  *See also Beeders v. Gulf Coast Collection Bureau*, 796 F. Supp.2d 1335

(2011).

      **C.**    **Counts VII through VIII of Plaintiff's Complaint Fail to State a
                Cause of Action Against HCS, Because the Are No Factual Allegations
                That The FCCPA Would Apply.**

      13.    Plaintiffs allege in these counts that HCS improperly communicated with

plaintiffs with such frequency as could reasonably be expected to harass them and by

threatening to enforce a debt knowing that the debt was not legitimate or asserting the

existence of some other legal right when such person knows that the right does not exist.

See¶ 105 and 110.

      14.    There are no factual allegations that the cellular phones calls alleged were

in reference to collection of a "consumer debt" for which the plaintiffs were the "debtor."

Further, there are no factual allegations regarding the nature of the cellular telephone

calls, what statements were made by the defendants on each of the occasions alleged, and

to whom the calls were made.   See F.S.§559.55 and F.S. §559.72.

      15.    Simply put, the complaint fails to allege any facts necessary to bring the

claim within the purview of the FCCPA.

      **D.**    **Counts IX of Plaintiff's Complaint Fail to State a Cause of Action
                Against HCS, Because the Are No Factual Allegations That The
                FCCPA Would Apply.**

6858221v.1

Lutman v. Harvard Collection Services, Inc.
CASE NO.:  2:15-cv-257-FtM-38cm

16.     As indicated above, there are no factual allegations that FCCPA would apply.   As such, plaintiff's request for injunctive relief based upon the statute is without merit.

WHEREFORE, the undersigned respectfully request that it grant the defendant's Motion to Dismiss and Strike as set forth herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of July 2015, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system which will send a Notice of Electronic Filing to the following: Michael N. Lutman, and Deborah C. Lutman, Pro Se  Plaintiffs,  8450  Truman  Street,  Englewood,  FL  34224  at Leathrneck3112@gmail.com; and debbielutman@yahoo.com.

/s/ Jodi G. Barrett
Jodi G. Barrett, Esquire
Florida Bar No. 0901156
Wilson Elser Moskowitz Edelman &
Dicker, LLP
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
(561) 515-4000 Office
(561) 515-4001 Fax
email designations:
Jodi.Barrett@wilsonelser.com
Angela.Burno@wilsonelser.com

7

6858221v.1