UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL N. LUTMAN and DEBORAH C. LUTMAN,

    Plaintiffs,

v.                                Case No: 2:15-cv-257-FtM-38CM

HARVARD COLLECTION SERVICES, INC.,

    Defendant.
_____/

**ORDER**[1]

    This matter comes before the Court on Plaintiffs Michael N. Lutman and Deborah C. Lutman's First Amended Complaint (Doc. #20) filed on July 29, 2015. Plaintiffs commenced this nine-count action against Defendant Harvard Collection Services, Inc. (Doc. #1) on April 24, 2015. On July 2, 2015, Defendant filed an Answer to Count I of Complaint (Doc. #9) and a Motion to Dismiss and/or Strike the remaining eight counts in the Complaint (Doc. #10) under Rules 12(b) and (f) of the Federal Rules of Civil Procedure. In response to Defendant's Motion, Plaintiffs filed the First Amended Complaint (Doc. #20) on July 29, 2015.

    Rule 15 of the Federal Rules of Civil Procedure states "[a] party may amend its pleading once as a matter of course within … 21 days after service of a motion under

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.


Rule 12(b)[.]" Fed. R. Civ. P 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Under Rule 15(a)(1)(B), Plaintiff had until July 23, 2015 to file the First Amended Complaint without Defendant's consent or the Court's leave.  Since Plaintiffs did not file their amended pleading until July 29, 2015, it is untimely and not a proper response to Defendant's Motion to Dismiss.[2]  See *Ramos v. Aurora Loan Servs.* No. 09-61938-CIV, 2010 WL 966856, at *1 (S.D. Fla. Mar. 15, 2010).  The Court, therefore, will strike the First Amended Complaint for failure to comply with Rule 15(a).

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's First Amended Complaint (Doc. #20) is **STRICKEN**.

(2) The Clerk of the Court is **DIRECTED** to strike the First Amended Complaint (Doc. #20) from the docket.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th August, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] Considering the well-settled "mailbox" rule for electronic service of a document filed electronically on CM/ECF, Plaintiff had until July 27, 2015, to respond to Defendant's Motion to Dismiss with the First Amended Complaint.  See Fed. R. Civ. P. 6(a)(1)(B); Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 5(b)(2)(E).  Even considering this later date, the mailbox rule does not save the First Amended Complaint from being untimely.