UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL N. LUTMAN and DEBORAH C. LUTMAN,

    Plaintiffs,

v.     Case No:  2:15-cv-257-FtM-38CM

HARVARD COLLECTION SERVICES, INC.,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Harvard Collection Services, Inc.'s Motion to Dismiss and/or Strike Portions of Plaintiffs' Complaint (Doc. #10) filed on July 2, 2015.  In response, Plaintiffs Michael N. Lutman and Deborah C. Lutman filed an untimely First Amended Complaint (Doc. #20), which the Court struck for noncompliance with Rule 15(a) of the Federal Rules of Civil Procedure.  This matter is ripe for review.

## BACKGROUND

Defendant is a corporation engaged in debt collection practices, and Plaintiffs are residents of Charlotte County, Florida.  (Doc. #1 at ¶¶ 7-8).  From October 31, 2014 to March 2, 2015, Defendant allegedly called Plaintiffs' cellular telephones using an

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

automatic dialing system no less than sixty-two times without their prior permission. (Doc. #1 at ¶¶ 14-76, 81).

As a result, Plaintiffs commenced this nine-count action on April 24, 2015, under the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"). (Doc. #1). Plaintiffs allege that Defendant violated each statute in an attempt "to collect [an] alleged but nonexistent debt." (Doc. #1 at ¶ 3). Plaintiffs specifically assert the following claims against Defendant:

- Count I – Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A);
- Count II – Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii);
- Count III – Violation of the FDCPA, 15 U.S.C. § 1692d(5);
- Count IV – Violation of the FDCPA, 15 U.S.C. § 1692d(6);
- Count V – Violation of the FDCPA, 15 U.S.C. § 1692e(10);
- Count VI – Violation of the FDCPA, 15 U.S.C. § 1692e(11);
- Count VII – Violation of FCCPA, Fla. Stat. § 559.72(7);
- Count VII – Violation of FCCPA, Fla. Stat. § 559.72(9); and
- Count IX – Request for Injunctive Relief Under Fla. Stat. § 559.77(2).

(Doc. #1). In response, Defendant answered Count I (Doc. #9), but separately moved to strike Count II under Rule 12(f) of the Federal Rules of Civil Procedure, and dismiss Counts III to IX for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #10 at 3-4).

## **STANDARDS OF REVIEW**

### A. Motion to Strike

Rule 12(f) provides "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A party may move to strike "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). A motion to strike is a drastic remedy and disfavored by courts. See *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002). A court will typically deny a motion to strike "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or may otherwise prejudice the party." *Coca-Cola Foods v. Emresa Comercial Interancional De Frutas S.A.*, 941 F. Supp. 1182, 1184 (M.D. Fla. 1996).

### B. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), "a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The issue in resolving such a motion is not whether the non-movant will ultimately prevail, but whether the non-movant is entitled to offer evidence to support his claims. See *id.* at 678-79.

"Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience

and common sense." *Id.* at 679 (citations omitted). Although legal conclusions can provide the framework for a complaint, factual allegations must support all claims. *See id.* Based on these allegations, the court will determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief. *See id.* at 678-79. Legal conclusions couched as factual allegations are not sufficient, nor are unwarranted inferences, unreasonable conclusions, or arguments. *See Twombly*, 550 U.S. at 555.

Rule 8 of the Federal Rules of Civil Procedure provides parallel pleading requirements that also must be satisfied. Under this rule, "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *See id.* at 678-79. Mere naked assertions are also inadequate. *See id.*

## DISCUSSION

Defendant challenges the Complaint on several grounds. First, Defendant contends Count II is redundant of Count I and must be stricken. (Doc. #10 at 3-4). Second, it contends Counts III through VIII assert no factual allegations to support claims under the FDCPA and FCCPA. (*Id.* at 3, 5-6). Third, Defendant contends Plaintiffs' request for injunctive relief is meritless. (*Id.* at 6-7). The Court will address each argument in turn.

**A. Count II – Violation of the TCPA**

As stated, Defendant argues Count II is redundant of and subsumed within the allegations contained in Count I, to which it filed an Answer. (Doc. #10 at 3). The Court agrees. Count I and Count II are functionally identical claims. Their only difference is that Count II specifies which of § 227(b)(1)(A)'s three subsections that Plaintiff alleges against Defendant. Upon reading § 227(b)(1)(A), it is plain that subsection (iii) is the only applicable subsection to this case. Subsections (i) and (ii) make it unlawful to call an emergency telephone line (e.g., "911") or a guest/patient room of a hospital, health care facilities, elderly home, or similar establishment, respectively, using an automatic telephone dialing system. 47 U.S.C. § 227(b)(1)(A)(i)-(ii). Since Plaintiffs are natural persons, subsections (i) and (ii) are not applicable to their allegations against Defendant. Accordingly, the Court finds Count II to be redundant of Count I and strikes Count II under Rule 12(f). *See Bergin v. City of Fla.*, No. 8:09-CV-00286-T-17MAP, 2009 WL 1606477, at *2 (M.D. Fla. June 8, 2009) ("'Redundant' matter consists of allegations that constitute a needless repetition of over averments." (citations omitted)).

**B. Counts III to VIII – Violations of the FDCPA and FCCPA**

Next, Defendant moves to dismiss the FDCPA and FCCPA counts (Counts III-VIII) under Rule 12(b)(6). Defendant argues there are no factual allegations that its purported calls to Plaintiffs involved a consumer debt under the FDCPA and FCCPA. (Doc. #10 at 5-6). In addition, it contends there are no factual allegations that it allegedly used false, deceptive, or misleading representations to collect a consumer debt. (*Id.* at 5).

Congress enacted the FDCPA to prohibit harassing or deceptive conduct in the collection of a debt. See 15 U.S.C. §§1692d, 1692e. The FCCPA is "a Florida state

analogue to the federal FDCPA." *Oppenheimer v. I.C. Sys., Inc.*, 627 F.3d 833, 836 (11th Cir. 2010); *see also Schmidt v. Synergentic Commc'ns, Inc.*, No. 2:14-cv-539-FtM-29CM, 2015 WL 248635, at *2 (M.D. Fla. Jan. 20, 2015) (stating the FCCPA is "construed in accordance with the FDCPA" (citation omitted)). "To recover under both the FDCPA and the FCCPA …, a plaintiff must make a threshold showing that the money being collected qualifies as a 'debt.'" *Oppenheimer*, 627 F.3d at 836. The FDCPA and FCCPA both define "debt" to mean "an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.]" 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(6). Therefore, as the Eleventh Circuit explains,

> the FDCPA and FCCPA apply only to payment obligations of a (1) *consumer* arising out of a (2) *transaction* in which the money, property, insurance, or services at issue are (3) *primarily for personal, family, or household purposes*. The statute thus makes clear that the mere obligation to pay does not constitute a "debt" under the FCPA.

*Oppenheimer*, 627 F.3d at 836 (emphasis in original and footnoted omitted). Under the FDCPA, a "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Moreover, although the FDCPA does not define "transaction," the Eleventh Circuit recognizes a broad scope of "debt" – "[a]s long as the transaction creates an obligation to pay, a debt is created." *Oppenheim,* 627 F.3d at 837 (citations omitted). The Eleventh Circuit has also stated, "'at a minimum, a "transaction" under the FDCPA must involve some kind of business dealing or other consensual obligation.'" *Id.* at 838 (quoting *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998)).

As the Complaint currently stands, Plaintiff insufficiently alleges facts to support the FDCPA and FCCPA claims. There is no allegation that Plaintiffs are "consumers" obligated to pay Defendant money, nor is there an allegation of a business deal between the parties to create an alleged debt. Instead, Plaintiffs allege the opposite in the Complaint. They plainly assert that Defendant "repeatedly harass[ed them] in attempts to collect an alleged but nonexistent debt" and that they "have no contractual obligation to pay Defendant." (Doc. #1 at ¶¶ 3, 13). Such allegations are insufficient to allege viable FDCPA and FCCPA causes of action. Even viewing the Complaint in a light most favorable to Plaintiff, there are no allegations to plausibly link Defendant's alleged calls to Plaintiffs to a debt. Without more facts about the circumstances and nature of an alleged debt prompting Defendant's actions relevant to this case, Counts III through VIII fail to state claims upon which relief may be granted. *See Sullivan v. CTI Collection Servs.*, No. 8:09-cv-365-T-30TGW, 2009 WL 1587588, at *2 (M.D. Fla. June 5, 2009) (granting a motion to dismiss where plaintiff merely recited the elements of a cause of action). The Court, therefore, will grant Defendant's Motion to Dismiss as to Counts III to VIII without prejudice.

## C. Count IX – Request for Injunctive Relief

Finally, Defendant moves to dismiss Plaintiffs' request for injunctive relief under Florida Statute § 559.77(2) because they do not allege a claim under the FCCPA. (Doc. #10 at ¶ 16). The Court agrees. As set forth above, the Court dismisses the FCCPA claims, so injunctive relief is not available to Plaintiffs. Accordingly, the Court dismisses Count IX without prejudice.

Accordingly, it is now

**ORDERED:**

Defendant Harvard Collection Services, Inc.'s Motion to Dismiss and/or Strike Portions of Plaintiffs' Complaint (Doc. #10) is **GRANTED**. Count II of the Complaint is struck as redundant of Count I, and Counts III through IX are dismissed without prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of August, 2015.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: All Parties of Record

