## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**MICHAEL   N.   LUTMAN;   AND,**
**DEBORAH C. LUTMAN,**                         **CASE NO.:** 2:15-cv-257 SPC CM

      Plaintiffs,

v.

**HARVARD   COLLECTION   SERVICES,**
**INC.,**

      Defendant.

_____

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

_____

#### INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  **MICHAEL N. LUTMAN** ("Mr. Lutman" or "Plaintiffs"); and, **DEBORAH C. LUTMAN** ("Mrs. Lutman" or "Plaintiffs"), by Plaintiffs' attorneys, bring this action to challenge the collection efforts of Defendant **HARVARD COLLECTION SERVICES, INC.** ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs.  This conduct caused Plaintiffs damages.

3.  Moreover, the Telephone Consumer Protection Act ("TCPA") was designed to prevent calls and messages like the ones described within this Complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5.  Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

6.  Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to the plaintiff, or to the plaintiff's counsel, which Plaintiffs allege on personal knowledge.

7.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8.  Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of Florida.

9.  Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

**JURISDICTION AND VENUE**

11. This Court has federal question jurisdiction because this case arises out of violations of federal law. 15 U.S.C. § 1692k; 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).  In addition, this Court has jurisdiction over Plaintiffs' supplemental State claims pursuant to 28 U.S.C. § 1367.

12. This action arises out of Defendant's violations of: (i) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; (ii) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*; (iii) the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559 *et seq.*; and, (iv) Negligence.

13. Because Defendant conducts business within the State of Florida, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

**PARTIES**

15. Plaintiffs are natural persons who reside in the County of Charlotte, State of Florida, from whom a debt collector sought to collect consumer debt(s) which were due and owing or alleged to be due and owing from Plaintiffs, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3); and, Fla. Stat. § 559.55(2).

16. Plaintiffs are informed and believe, and thereon allege, that Defendant is a company operating from the State of Chicago.

17. Plaintiffs are informed and believe, and thereon allege, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6); and, Fla. Stat. § 559.55(6); a "consumer collection agency" as that term is defined by Fla. Stat. § 559.55(7); and, an "out-of-state consumer debt collector" as defined by Fla. Stat. § 559.55(7).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" as that term is defined by Fla. Stat. § 559.55(1) and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

### FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiffs are individuals residing within the State of Florida.

20. Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendant conducted business in the State of Florida.

21. Sometime prior to 2014, Plaintiffs are alleged by Defendant to have incurred financial obligations to the original creditor that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as defined above.

22. Plaintiffs dispute the validity of said debts.

23. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection.

24. Beginning in or around October 2014, Defendant began contacting Plaintiffs on Plaintiffs' respective cellular telephones in an attempt to collect an alleged debt alleged to be owed by an unknown third party.

25. On information and belief, Defendant initiated more than sixty (60) total calls to Plaintiffs' cellular telephone numbers.

26. Following receipt of many of the telephonic communications alleged herein, Mr. Lutman repeatedly informed Defendant that the consumer Defendant was attempting to contact was unknown to Plaintiffs and could not be reached at either of Plaintiffs' cellular telephones.

4

27.   Through this conduct, Defendant violated 15 U.S.C. § 1692b(3) by communicating with Plaintiffs on more than one occasion in connection with the collection of an alleged debt.

28.   Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiffs in connection with the collection of an alleged debt.

29.   Through this conduct, Defendant violated 15 U.S.C. § 1692d(5) by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, or harass Plaintiffs. Similarly, said conduct also constitutes a violation of Fla. Stat. § 559.72(7).

30.   Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of an alleged debt.

31.   Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect an alleged debt.

32.   Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect an alleged debt.

33.   Through this conduct, Defendant violated Fla. Stat. § 559.72(9) by attempting to enforce the alleged debt against Plaintiffs despite being informed on multiple occasions that Plaintiffs did not owe the alleged debt.

34.   Furthermore, Defendant used an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) to make its calls to Plaintiffs seeking to collect the alleged debt in conjunction with an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

35.   Plaintiffs further allege that Defendant utilized an ATDS due to the long silence between Plaintiffs answering the telephonic communications in question and Defendant's response. Such a delay is indicative of usage of an ATDS and/or a predictive dialer.

36.   This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

37.   At no time did Plaintiffs ever enter into a business relationship with Defendant.

38.   Plaintiffs did not provide Plaintiffs' cellular telephone numbers to Defendant through any medium at any time.

39.   Defendant obtained Plaintiffs' contact information through unknown means.

40.   Defendant lacked "prior express consent" to utilize an ATDS or predictive dialer to contact Plaintiffs on Plaintiffs' cellular telephones.

41.   Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

42.   Defendant's calls were placed to telephone numbers assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

### CAUSES OF ACTION CLAIMED BY PLAINTIFFS
### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

43. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

45. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

### COUNT II

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

### Fla. Stat. § 559.55 *et seq.* ("FCCPA")

46. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions constitute numerous and multiple violations of the FCCPA.

48. As a result of each and every violation of the FCCPA, Plaintiffs are entitled to any actual damages pursuant to Fla. Stat. § 559.77(2); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Fla. Stat. § 559.77(2); and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77(2) from each Defendant individually.

### COUNT III

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

49. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

51. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT IV

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 *et seq.*

53. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

55. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT V
### NEGLIGENCE

56. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. Plaintiffs believe and thereon allege that Defendant owed various duties to Plaintiffs pursuant to the statutes described herein.  Specifically, Defendant owed a duty to Plaintiffs with regard to its manner of debt collection practices.

58. Defendant breached Defendant's respective duty by engaging in the acts described herein, each in violation of the statutes alleged herein.

59. Plaintiffs assert that Defendant is the actual and legal cause of Plaintiffs' injuries.

60. Plaintiffs believe and thereon allege that as a proximate result of Defendant's negligence, Plaintiffs have suffered severe emotional distress.

61. Due to the egregious violations alleged herein, Plaintiffs assert that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner.  As such, said conduct establishes Defendant's conscious disregard for Plaintiffs' rights and entitles Plaintiffs to recover punitive damages from Defendants.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for:

- All recoverable compensatory, statutory, and other damages sustained by Plaintiffs pursuant to the statutes described herein;

- Punitive damages according to proof as to the Fifth Cause of Action against Defendant; and,

- Any and all other relief as this Court may deem necessary or appropriate.

TRIAL BY JURY

62. Pursuant to the seventh amendment to the Constitution of the United States of America,

Plaintiffs are entitled to, and demand, a trial by jury.

Dated: July 29, 2015                                        Respectfully submitted,

_____/s/ Eric W. Kem___
ERIC W. KEM
Florida Bar No. 106042
**THE KEM LAW FIRM**
2233 NW 41st Street, Suite 700-H
Gainesville, FL 32606
Telephone: (352) 275-7151
Facsimile: (800) 865-5184
Attorney for Plaintiffs,
**MICHAEL N. LUTMAN**; and, **DEBORAH C. LUTMAN**


**CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY* that on July 29, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System and that the forgoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

_____/s/ Eric W. Kem___
ERIC W. KEM
Florida Bar No. 106042
**THE KEM LAW FIRM**
2233 NW 41st Street, Suite 700-H
Gainesville, FL 32606
Telephone: (352) 275-7151
Facsimile: (800) 865-5184
Attorney for Plaintiffs,
**MICHAEL N. LUTMAN**; and, **DEBORAH C. LUTMAN**