# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MICHAEL N. LUTMAN and                          CASE NO.: 2:15-cv-257-FtM-38cm
DEBORAH C. LUTMAN,

      Plaintiffs,

v.

HARVARD COLLECTION SERVICES, INC.

      Defendant

_____/

## DEFENDANT, HARVARD COLLECTION SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, HARVARD COLLECTION SERVICES, INC. (hereinafter "HCS"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint and Demand for Jury Trial as follows:

### INTRODUCTION

1.      Paragraph 1 of the First Amended Complaint contains legal conclusions to which no response is required.

2.      Defendant, HCS admits that Plaintiffs bring this action to challenge the purported actions of HCS.  HCS denies the remaining allegations of Paragraph 2 of the First Amended Complaint and, therefore, demands strict proof thereof.

3.      Paragraph 3 of the First Amended Complaint contains legal conclusions to which no response is required.

Lutman v. Harvard Collection Services, Inc.
Case No.: 2:15-cv-257-FtM-38cm

4.      Paragraph 4 of the First Amended Complaint contains legal conclusions to which no response is required.

5.      Paragraph 5 of the First Amended Complaint contains legal conclusions to which no response is required.

6.      Defendant, HCS is without knowledge as to the allegations of Paragraph 6 of the First Amended Complaint and, therefore, demands strict proof thereof.

7.      HSC admits that Plaintiffs purport to allege violations of various statutes in their First Amended Complaint.  HSC denies the remaining allegations of Paragraph 7 of the First Amended Complaint and, therefore demands strict proof thereof.

8.      Defendant, HCS is without knowledge as to the allegations of Paragraph 8 of the First Amended Complaint and, therefore, demands strict proof thereof.

9.      Defendant, HCS denies the allegations of Paragraph 9 of the First Amended Complaint and, therefore, demands strict proof thereof.

10.     Defendant, HCS is without knowledge as to the allegations of Paragraph 10 of the First Amended Complaint and, therefore, demands strict proof thereof.

## JURISDICTION AND VENUE

11.     Defendant, HCS admits that in this action, Plaintiffs attempt to assert a claim under the Fair Debt Collection Practices Act, 15.U.S.C. §§1692, 47 U.S.C. §227(b), that this Court has federal question jurisdiction over such claim and supplemental jurisdiction over the Florida state law claim, but HCS denies the substance of all alleged claims.

Lutman v. Harvard Collection Services, Inc.
Case No.: 2:15-cv-257-FtM-38cm

12.     Defendant, HCS admits that Plaintiffs attempts to assert purported violations of the Fair Debt Collection Practices Act ("FDCPA"), 15.U.S.C. §§1692, *et seq.*;   (ii) the Telephone Consumer Protection Act ("TCPA"); 47 U.S.C. §227, *et seq.*; (iii) the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559 *et seq.*; and, (iv) Negligence.  HCS denies the remaining allegations of Paragraph 12 of the First Amended Complaint and, therefore, demands strict proof thereof.

13.     Defendant, HCS admits the allegations of Paragraph 13 of the First Amended Complaint.

14.     Defendant, HCS admits the allegations of Paragraph 14 of the First Amended Complaint.

## PARTIES

15.     Defendant, HCS is without knowledge as to the allegations of Paragraph 15 of the First Amended Complaint and, therefore, demands strict proof thereof.

16.     Defendant, HCS admits that it is a company operating with its principal place of business in Chicago, Illinois.   HCS denies the remaining allegations of Paragraph 15 of the First Amended Complaint and demands strict proof thereof.

17.     Defendant, HCS admits the allegations of Paragraph 17 of the First Amended Complaint.

18.     Defendant, HCS admits the allegations of Paragraph 18 of the First Amended Complaint.

Lutman v. Harvard Collection Services, Inc.
Case No.: 2:15-cv-257-FtM-38cm

## FACTUAL ALLEGATIONS

19.     Defendant, HCS is without knowledge as to the allegations of Paragraph 19 of the First Amended Complaint and, therefore, demands strict proof thereof.

20.     Defendant, HCS admits the allegations of Paragraph 20 of the First Amended Complaint.

21.     Defendant, HCS is without knowledge as to the allegations of Paragraph 21of the First Amended Complaint and, therefore, demands strict proof thereof.

22.     Defendant, HCS is without knowledge as to the allegations of Paragraph 22 of the First Amended Complaint and, therefore, demands strict proof thereof.

23.     Defendant, HCS admits the allegations of Paragraph 23 of the First Amended Complaint.

24.     Defendant, HCS denies the allegations of Paragraph 24 of the First Amended Complaint and, therefore, demands strict proof thereof.

25.     Defendant, HCS denies the allegations of Paragraph 25 of the First Amended Complaint and, therefore, demands strict proof thereof.

26.     Defendant, HCS denies the allegations of Paragraph 26 of the First Amended Complaint and, therefore, demands strict proof thereof.

27.     Defendant, HCS denies the allegations of Paragraph 27 of the First Amended Complaint and, therefore, demands strict proof thereof.

28.     Defendant, HCS denies the allegations of Paragraph 28 of the First Amended Complaint and, therefore, demands strict proof thereof.

Lutman v. Harvard Collection Services, Inc.
Case No.: 2:15-cv-257-FtM-38cm

29.     Defendant, HCS denies the allegations of Paragraph 29 of the First Amended Complaint and, therefore, demands strict proof thereof.

30.     Defendant, HCS denies the allegations of Paragraph 30 of the First Amended Complaint and, therefore, demands strict proof thereof.

31.     Defendant, HCS denies the allegations of Paragraph 31 of the First Amended Complaint and, therefore, demands strict proof thereof.

32.     Defendant, HCS denies the allegations of Paragraph 32 of the First Amended Complaint and, therefore, demands strict proof thereof.

33.     Defendant, HCS denies the allegations of Paragraph 33 of the First Amended Complaint and, therefore, demands strict proof thereof.

34.     Defendant, HCS denies the allegations of Paragraph 34 of the First Amended Complaint and, therefore, demands strict proof thereof.

35.     Defendant, HCS denies the allegations of Paragraph 35 of the First Amended Complaint and, therefore, demands strict proof thereof.

36.     Defendant, HCS denies the allegations of Paragraph 36 of the First Amended Complaint and, therefore, demands strict proof thereof.

37.     Defendant, HCS admits the allegations of Paragraph 37 of the First Amended Complaint.

38.     Defendant, HCS is without knowledge as to the allegations of Paragraph 38 of the First Amended Complaint and, therefore, demands strict proof thereof.

Lutman v. Harvard Collection Services, Inc.
Case No.: 2:15-cv-257-FtM-38cm

39.     Defendant, HCS denies the allegations of Paragraph 36 of the First Amended Complaint and, therefore, demands strict proof thereof.

40.     Defendant, HCS is without knowledge as to the allegations of Paragraph 40 of the First Amended Complaint and, therefore, demands strict proof thereof.

41.     Defendant, HCS denies the allegations of Paragraph 41 of the First Amended Complaint and, therefore, demands strict proof thereof.

42.     Defendant, HCS denies the allegations of Paragraph 42 of the First Amended Complaint and, therefore, demands strict proof thereof.

## CAUSES OF ACTION CLAIMED BY PLAINTIFFS

### COUNT I
### VIOLATION O THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692 (p) (FDCPA)

43.     Defendant, HARVARD COLLECTION SERVICES, INC. (hereinafter "HCS") readopts and realleges its responses to all of the above Paragraphs of the First Amended as through fully set for the herein.

44.     Defendant, HCS denies the allegations of Paragraph 44 of the First Amended Complaint and, therefore, demands strict proof thereof.

45.     Defendant, HCS denies the allegations of Paragraph 45 of the First Amended Complaint and, therefore, demands strict proof thereof.

Lutman v. Harvard Collection Services, Inc.
Case No.: 2:15-cv-257-FtM-38cm

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER PRACTICES ACT
### Fla. Stat. §559.55 *et seq.* ("FCCPA")

46.   Defendant, HARVARD COLLECTION SERVICES, INC. (hereinafter "HCS") readopts and realleges its responses to all of the above Paragraphs of the First Amended as through fully set for the herein.

47.   Defendant, HCS denies the allegations of Paragraph 47 of the First Amended Complaint and, therefore, demands strict proof thereof.

48.   Defendant, HCS denies the allegations of Paragraph 48 of the First Amended Complaint and, therefore, demands strict proof thereof.

## COUNT III
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

49.   Defendant, HARVARD COLLECTION SERVICES, INC. (hereinafter "HCS") readopts and realleges its responses to all of the above Paragraphs of the First Amended as through fully set for the herein.

50.   Defendant, HCS denies the allegations of Paragraph 50 of the First Amended Complaint and, therefore, demands strict proof thereof.

51.   Defendant, HCS denies the allegations of Paragraph 51 of the First Amended Complaint and, therefore, demands strict proof thereof.

52.   Defendant, HCS denies the allegations of Paragraph 52 of the First Amended Complaint and, therefore, demands strict proof thereof.

Lutman v. Harvard Collection Services, Inc.
Case No.:  2:15-cv-257-FtM-38cm

## COUNT IV
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

53.     Defendant, HARVARD COLLECTION SERVICES, INC. (hereinafter "HCS") readopts and realleges its responses to all of the above Paragraphs of the First Amended as through fully set for the herein.

54.     Defendant, HCS denies the allegations of Paragraph 54 of the First Amended Complaint and, therefore, demands strict proof thereof.

55.     Defendant, HCS denies the allegations of Paragraph 55 of the First Amended Complaint and, therefore, demands strict proof thereof.

## COUNT V
## NEGLIGENCE

56.     Defendant, HARVARD COLLECTION SERVICES, INC. (hereinafter "HCS") readopts and realleges its responses to all of the above Paragraphs of the First Amended as through fully set for the herein.

57.     Defendant, HCS is without knowledge as to the allegations of Paragraph 57 of the First Amended Complaint and, therefore, demands strict proof thereof.

58.     Defendant, HCS denies the allegations of Paragraph 58 of the First Amended Complaint and, therefore, demands strict proof thereof.

59.     Defendant, HCS denies the allegations of Paragraph 59 of the First Amended Complaint and, therefore, demands strict proof thereof.

Lutman v. Harvard Collection Services, Inc.
Case No.: 2:15-cv-257-FtM-38cm

60.    Defendant, HCS denies the allegations of Paragraph 60 of the First
Amended Complaint and, therefore, demands strict proof thereof.

61.    Defendant, HCS denies the allegations of Paragraph 61 of the First
Amended Complaint and, therefore, demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Defendant affirmatively states that the First Amended Complaint, and each
purported cause of action set forth therein, fails to state a claim on which relief can be
granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statutes of Limitation)

Defendant affirmatively states that Plaintiffs' First Amended Complaint, and each
purported cause of action set forth therein, is barred by the applicable statutes of
limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Consent)

Defendant affirmatively states that Plaintiffs' First Amended Complaint, and each
purported cause of action set forth therein, is barred to the extent Plaintiffs consented to
all of the acts or omissions of HCS alleged in the Complaint.

Lutman v. Harvard Collection Services, Inc.
Case No.:  2:15-cv-257-FtM-38cm

## FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant affirmatively asserts that at all times mentioned in the First Amended
Complaint, HCS acted lawfully and within its legal rights, with a good faith belief in the
exercise of that right, and in the furtherance of a legitimate business purpose.  Further,
HCS acted in good faith in the honest belief that the acts, conduce and communications if
any, of HCS  were justified under the circumstances based on information reasonably
available.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

Defendant affirmatively states that Plaintiffs are barred from any recovery or
relief against HCS because HCS was not the actual or proximate cause of any of the
damages, if any, alleged in the First Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Defendant affirmatively states that Plaintiffs' First Amended Complaint, and each
purported cause of action set forth therein, is barred to the extent Plaintiffs, or either of
them, lack standing to commence and proceed with this action.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Defendant affirmatively states that any recovery by Plaintiffs is barred by the
doctrine of unclean hands.

Lutman v. Harvard Collection Services, Inc.
Case No.: 2:15-cv-257-FtM-38cm

## EIGHTH AFFIRMATIVE DEFENSE
### (Plaintiffs' Own Conduct)

Defendant affirmatively states that any recovery by Plaintiff is barred by Plaintiffs' own conduct, including but not limited to any intentional and/or negligent actions or commissions.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Defendant affirmatively states that any recovery by Plaintiffs is barred by a failure to mitigate their damages, if any.

## TENTH AFFIRMATIVE DEFENSE
### (Truth)

Defendant affirmatively states that Plaintiffs' First Amended Complaint, and each purported cause of action set forth therein, is barred because all of HCS's statements and communications to Plaintiffs were, to the extent made, true.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statutory Damages Limitations)

Defendant affirmatively states that Plaintiffs' damages, if any, are expressly limited by statute, including but not limited to 15 U.S.C. §§ 1692k(a)(1), 1692k(a)(2)(A). 1692k(a)(3), and 1692K(b)(1).

## TWELFTH AFFIRMATIVE DEFENSE
### (No Actual Damages)

Defendant affirmatively asserts that any recovery by Plaintiffs is barred because Plaintiffs have not suffered any actual damages.

Lutman v. Harvard Collection Services, Inc.
Case No.: 2:15-cv-257-FtM-38cm

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

Defendant affirmatively states that any violations of the FDCPA or FCCPA were

not intentional and resulted from a bona fide error, notwithstanding the maintenance of

procedures reasonably adapted to avoid such er4ror.  Therefore, pursuant to 15 U.S.C.

§1692k(c).  Plaintiffs' claims are accordingly barred.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Reliance on Information from the Assignor/Creditor)

Defendant affirmatively states that Plaintiffs' First Amended Complaint, and each

purported cause of action set forth therein, is barred because HCS  was allowed to

reasonably rely upon information supplied to it by the original debt assignor/creditor.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Defendant affirmatively states that Plaintiff's First Amended Complaint, and each

purported cause of action set forth therein, is barred by the defense of judicial and

equitable estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

Defendant affirmatively states Plaintiffs' First Amended Complaint, and each

purported cause of action set forth therein, is barred by the defense of waiver.

6968475v.1

Lutman v. Harvard Collection Services, Inc.
Case No.: 2:15-cv-257-FtM-38cm

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Defendant affirmatively asserts that Plaintiffs will be unjustly enriched if they are

allowed to recover any sums alleged in the First Amended Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Set-off)

Defendant HCS claims and reserves the right to set-off against Plaintiffs for the

full amount of Plaintffs' claims.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Defendant affirmatively states that Plaintiffs' claims for punitive damages for the

state claim is improper under F.S. §768.72.

## <u>DEMAND FOR JURY TRIAL</u>

This Defendant demands trial by jury as to all issues so triable as a matter of right.

DATED: September 1, 2015.

Respectfully submitted,

Jodi G. Barrett, Esquire
Florida Bar No. 0901156
Wilson Elser Moskowitz Edelman & Dicker
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
(561) 515-4000 Office
(561) 515-4001 Fax
*email designations:*
*Jodi.Barrett@wilsonelser.com*
*Angela.Burno@wilsonelser.com*

6968475v.1

Lutman v. Harvard Collection Services, Inc.
Case No.:  2:15-cv-257-FtM-38cm

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of September 2015, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record on the attached Service List.

Jodi G. Barrett, Esquire
Florida Bar No. 0901156

6968475v.1

Lutman v. Harvard Collection Services, Inc.
Case No.: 2:15-cv-257-FtM-38cm

## SERVICE LIST

Eric W. Kem, Esquire
The Kem Law Firm
2233 NW 41st Street, Suite 700-H
Gainesville, FL 32606
ekem@kemlawfirm.com

Matthew H. Loker, Esquire
Abbas Kazerounian, Esquire
The Kazerounian Law Group, APC
245 Fisher Avenue, Unit D-1
Costa Mesa, CA 92626
ml@kazlg.com
ak@kazlg.com

Joshua B. Swigart, Esquire
Hyde & Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
josh@westcoastlitigation.com

*Attorneys for Plaintiffs*

6968475v.1